UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR BROWN, JR.,

    Plaintiff,

v.

LT. TUCKER AND
C. WHITE,

    Defendants.

Case No. 2:19-cv-11995
Hon. Terrence G. Berg

_____/

# **OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a civil action brought by a federal prisoner. The Court has granted Plaintiff leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying this standard, the action will be dismissed because it fails to state a claim upon which relief can be granted.

1

**I. Complaint**

Plaintiff was serving a sentence of imprisonment at the Federal Correctional Institution at Milan, Michigan during the alleged incident and at the time the complaint was filed.[1] The complaint names Lt. Tucker and C. White, a nurse at the facility, as Defendants. Plaintiff claims that on March 16, 2019, he was working as an orderly and was assigned to be on-call to clean up any spilled blood at the facility's health service unit. When Nurse White called him to the unit to clean up vomit,[2] Plaintiff refused, on the grounds that he was only on-call to clean up blood, not vomit. He was directed to report to Tucker, who sent Plaintiff to administrative detention for his refusal to work. Plaintiff claims that he was sanctioned with six days of administrative detention and ninety days loss of "trulinks" and commissary privileges.

**II. Failure to State a Claim**

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, dismissal is appropriate where the plaintiff fails to plead sufficient factual content to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*

---

[1] As of August 12, 2019, Plaintiff states he has been transferred to "505 Main Street, Davenport, IA 50801." ECF No. 6. This appears to be the Scott County Field Services for the Seventh Judicial District Department of Correctional Services.
[2] Plaintiff characterizes the vomit as "emesis" in his complaint.

*also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Jones*, 549 U.S. at 215.

Plaintiff alleges that the actions of Defendants violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; see also *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Plaintiff fails to allege facts suggesting that he has been deprived of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 348. The fact that Plaintiff was confined in administrative detention

for six days and lost commissary privileges for ninety days falls far short of implicating the Eighth Amendment. The Supreme Court has held that placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). The Sixth Circuit has also held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. See *Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Plaintiff's complaint fails to state an Eighth Amendment claim.

**III. Order**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied.

**IT IS SO ORDERED.**

DATED this 28th day of October, 2019.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge